```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-80346-CIV-RYSKAMP
                              MAGISTRATE JUDGE P.A. WHITE
```

ALBERT BUCKLE,                  :

    Plaintiff,               :

v.                              :            REPORT OF
                                          MAGISTRATE JUDGE
D/S/ McGUEKIAN,
                                :

    Defendant.               :
_____

## I. Introduction

Albert Buckle has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, while confined in the West Palm Beach County Detention Center. The plaintiff is proceeding *in forma pauperis*.

This complaint is one of more than ten complaints that this plaintiff filed against individual officers at the Palm Beach County Detention Center. The complaint is barely legible.

This Cause is before the Court upon the screening of the complaint (DE#1) pursuant to 28 U.S.C. §1915.

## II. Analysis

A.  *Applicable Law for Screening*

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

```
                    *   *   *

        (e)(2) Notwithstanding any filing fee, or
   any portion thereof, that may have been paid,
   the court shall dismiss the case at any time if
   the court determines that –

                    *   *   *

   (B) the action or appeal –

                    *   *   *

   (i)  is frivolous or malicious;

   (ii) fails to state a claim on which
   relief may be granted; or

   (iii) seeks monetary relief from a
   defendant who is immune from such
   relief.
```

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985.). The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights

2

suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998),See: Whitehorn, 758 F.2d at 1419 id. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The

rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

### B. Statement of the facts

The plaintiff states inmate Zaehary Valhorn promised him the left over noodles from his evening meal and some coffee. On February 23, 2010, during trash pick up from the evening meal, it appears that Officer McGuckian retrieved some things from the trash can, but did not provide him with the left overs. He states no prayer for relief.

### C. Conclusion

The plaintiff has failed to state a claim. Twombly, supra. To successfully proceed in a civil rights suit pursuant to 42 U.S.C. §1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of a constitutionally protected right. There is no constitutional right to another inmate's left over food.

## III. Recommendation

The plaintiff has failed to allege the denial of a constitutional right. This complaint is completely frivolous and the plaintiff is cautioned that there may be sanctions for filing multiple frivolous complaints.

It is recommended that this complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Objections to this Report may be filed with the District Judge within fourteen days following receipt.

Dated at Miami, Florida, this _10th day of March, 2010.

                                        UNITED STATES MAGISTRATE JUDGE

cc:  Albert Buckle
     West Palm Beach Detention Center
     Address of record